# WHEELING.

## GRAHAM *et al.* v. GRAHAM *et al.*

Submitted January 18, 1883—Decided June 30, 1883.

When questions of fact are submitted to a commissioner in chancery, his findings thereon should be sustained unless the court is fully satisfied that the evidence before the commissioner does not warrant them. This rule applies with increased force to an appellate court when called upon to reverse the decree of the court below approving such findings; and when the testimony, on which the findings are founded, consists chiefly of opinions of witnesses and not facts deposed to, the decree of the court below approving such findings will not, except in a plain case, be reversed by the appellate court. (p. 701.)

Appeal from and *supersedeas* to two decrees of the circuit court of the county of Monroe, rendered respectively on the 19th day of May, 1879, and on the 16th day of May, 1880, in a cause in said court then pending, wherein John Graham and others were plaintiffs and James Graham and others were defendents, allowed upon the petition of said plaintiffs.

Hon. Homer A. Holt, judge of the eigth judicial circuit, rendered the decrees appealed from.

The facts of the case are stated in the opinion of the Court.

*James F. Patton*, for appellants.

*Samuel Price* and *John A. Preston* for appellees.

SNYDER, JUDGE, announced the opinion of the Court:

This is the third time this cause has been before this Court upon different appeals. The reports of the two former appeals will be found in 10 W. Va. 355 and 16 *Id.* 608, and the opinions of this Court therein reported are here referred to for a complete history of this controversy and all the proceedings had in relation thereto prior to the decree of October 16, 1880. The present appeal is from the said decree of October 16, 1880, and a decree of May 19, 1879, which had been rendered before the decision of the Court reported in 16 W. Va. 608.

Prior to said last mentioned decree the cause had been referred to a commissioner to report the rental value of two hundred and eighty-six acres of land, mentioned in the proceedings, and also the cost of supporting Rebecca Graham. The commissioner made and filed his report which was excepted to by both the plaintiffs and defendant, James Graham. The court by said decree of May 19, 1879, overruled the plaintiffs' exceptions to the first and third statements of said report and the defendant's exception as to the "slave fund" and sustained defendant's exception to the second statement, and recommitted the report with instructions to report further as to the said "slave fund." From this decree and a former one, rendered May 17, 1878, the defendant, James Graham, appealed to this Court. The said commissioner's report, exceptions and decrees will be found given, *in extenso*, on pages 612 to 619 inclusive of the said volume 16 of West Virginia Reports, and it is, therefore, unnecessary to repeat them here as they can be read in connection with this opinion. By reference to pages 623 and 624 of said volume of reports it will be seen that this Court by its decree of May 1, 1880, reversed said decree of May 19, 1879, in so far as it relates to and adjudicates as to the proceeds of the "slave fund" with costs in favor of the appellant, James Graham, against the administrator, Kelly, but no further, holding that the other matters of said decree were not covered by the said appeal and could not properly be considered by the Court. And proceeding then to render such decree as

the circuit court should have rendered, this Court "decreed that the cause as to the said H. J. Kelly, administrator of Joseph Graham, deceased, be dismissed, and that the petition of said Kelly, administrator, be also dismissed, but *without costs* as against said Kelly, administrator, as aforesaid."

In entering the decree of this Court by a clerical error, inadvertently made, instead of the italicized words "*without costs*," above given, the words *with costs* were inserted in the decree; and, I presume, the mandate sent from this Court to the said circuit court contained said erroneous words because the said circuit court by its decree of October 16, 1880, professing to following the said mandate of this Court, dismissed the said petition *with costs* against said Kelly, administrator as aforesaid. The clerical error of this court, just referred to, was corrected at this term by an order made on the 29th day of June, 1883, which will be certified to said circuit court and that court is now directed to correct its said decree of October 16, 1880, so as to make it conform to the mandate of this Court as now correctly entered.

Omitting the recitals and formal parts, the said decree of the circuit court of October 16, 1880, is as follows: "And it is further adjudged, ordered and decreed that R. F. Dennis, the special receiver in this cause in this Court, do collect and pay over to the said James Graham the said "slave fund" which was left in his hands by an order heretofore made to loan out upon security, with interest according to law, and report his proceedings to court at the next term thereof.

"And it is further adjudged, ordered and decreed that the plaintiffs recover their costs in this suit expended against the defendants, except on the petition aforesaid."

The only error complained of in this decree is that the court improperly ordered the payment of the "slave fund" to James Graham without retaining enough of said fund to pay the costs decreed against him and the balance reported as due from him by the second statement of the commissioner's report—the said James Graham, as the appellants allege, being insolvent.

By reference to said decree of May 19, 1879—see 16 W. Va. page 613—it will be seen that the court sustained the

exception to and disallowed and rejected said second statement of the commissioner's report, and there being no evidence in the record to establish the insolvency of James Graham or of his inability to pay the costs decreed against him and the other defendants, consequently, unless the sustaining of the exception to, and rejecting, the said second statement of the commissioner's report by the said decree of May 19, 1879, was erroneous, there was no error in said decee of October 16, 1880, of which appellants can complain. Was there any error in the said decree of May 19, 1879?

Before proceeding to consider this inquiry, it is proper to observe that, while the said decree disposes of the exceptions to the commissioner's report, it does not confirm the same or in any manner dispose of or order the payment of the amounts found due to James Graham by the first and third statements of said report which seem to have been approved by said decree. Technically, therefore, said decree is not final, and ordinarily an appeal would not be entertained therefrom—*Laidley* v. *Kline, supra*, p. 21.

The said decree, however, differs materially from that appealed from in *Laidley* v. *Kline*. In that case there were items and claims in the report other than those excepted to and acted on by the court, while in this there were no other matters in the report than those excepted to and acted on by the decree, and the court by its action on all the exceptions adjudicated the matters in the report as effectually as if it had formally confirmed the same. The omission to confirm the report, being merely an irregularity in form and not in substance, I do not think this Court should now, especially in view of the repeated appeals and protracted litigation already had in this cause, further delay the consideration of the questions presented by this appeal upon any formal or technical ground, but think said questions should be disposed of on their merits as far as can now be done.

The appellants insist that the court, by its said decree of May 19, 1879, erred in overruling their exceptions to the first and third statements of the commissioner's report and in sustaining the defendants' exception to the second statement of said report. These exceptions appear in full on pages 618 and 619 of 16 West Virginia reports, and the questions raised

by said exceptions and the errors complained of relate exclusively to the weight of the evidence so far as the first and second statements of said report are involved. The record before us shows, that the commissioner took and returned with his report the depositions of thirty-five witnesses as to the rental value of the two hundred and eighty-six acres of land and the expense of supporting Rebecca Graham. Twenty-one of these depositions were taken on behalf of the appellants and fourteen on behalf of the appellee, James Graham. The testimony consists almost entirely of the opinions or estimates of the witnesses; and while the opinions of the witnesses on either side are remarkably uniform as to the values estimated by them, the difference of those on the one side as compared with those on the other, is strikingly great, being more than two hundred *per cent*. It is obvious from the reckless disparity that the witnesses were very deficient in capacity and information or regardless of their duty in forming a just estimate and stating it honestly and fairly. Taking the whole testimony together, I can form no other conclusion of its character.

The commissioner, as I judge from the results of his report, made a general average of the estimated values fixed by the witnesses of each of the opposing parties and based his report on the mean sum obtained by dividing the average thus derived from the witnesses of the respective parties. Whether this is a safe and proper mode of weighing and reconciling conflicting testimony and deducing a result therefrom may well be questioned, but considering the extraordinary character of the testimony in this particular instance, the commissioner was, perhaps, warranted in the course, apparently, adopted by him. However this may be, it is certain that a report founded on such testimony and approved by the court below, could not upon any safe principle or rule of law be disturbed by an appellate court. Any interference with the conclusions of the commissioner and the court below could be made only upon mere fancy and the wildest conjecture. It is a settled rule of law that when questions of fact are submitted to a commissioner, his findings upon such facts should be sustained unless the court is fully satisfied from the evidence that such findings are erroneous—*Boyd & Co.* v. *Gun-*

*nison & Co.*, 14 W. Va. 1. This rule operates with peculiar force in an appellate court; and in cases like the present, where the testimony, on which the findings of the commissioner are founded, consists almost entirely of the opinions of witnesses and not of facts deposed to, the findings of the commissioner will generally be regarded by the Appellate Court conclusive, and such we regard them in this case. The circuit court did not, therefore, err in overruling the plaintiff's exception to the first and sustaining the defendant's exception to the second statement of the commissioner's report.

But we are of opinion that the said court did err in overruling the appellant's exception to the third statement of said report relating to taxes alleged to have been paid by the appellee, James Graham. The order of reference under which the report was made—16 W. Va. p. 609—embraced but two enquiries: The rental value of the two hundred and eighty-six acres of land, and the expense of supporting Rebecca Graham, and this statement is altogether foreign to either of those subjects. Moreover, there was no proof taken in support of said statement and so far as the record discloses, it is a mere *ex parte* statement made without evidence or notice to the opposite party. In addition to all this, it is possible that the witnesses in their estimates of the rental value of the two hundred and eighty-six acres of land, on which it is claimed these alleged taxes accured, may have excluded said taxes from the gross rental value and thus given credit to the appellee, James Graham, therefor; and, consequently, if he is now again given credit for them as a separate charge he will be allowed for them twice. Whether this is so or not, does not appear; but as such may have been the fact, and as the burden of proof was on him who asserts the claim as a separate charge, it was his duty to show affirmatively that such was not the fact, and having failed to do so, the said taxes must be excluded as a separate charge.

For this error the said decree of May 19, 1879, in so far and so far only as it overrules the appellants' exception to the said third statement of the commissioner's report, must be reversed with costs to the appellants against the appellee, James Graham; and this cause is remanded to the said circuit court with directions to confirm the first and reject the second and

third statements of said commissioner's report, to correct the said decree of October 16, 1880, as hereinbefore indicated and for any further proceedings necessary to a final disposition of the cause.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED IN PART.    CAUSE REMANDED.