# CHARLESTON.

## HALL *v.* HALL.

Submitted January 20, 1888.—Decided February 11, 1888.

(*JOHNSON, PRESIDENT, absent.)

1. EJECTMENT—CLAIM FOR IMPROVEMENTS—WHEN ALLOWED.

    To entitle an evicted claimant of land to compensation for permanent improvements put upon the land by him while he was in

---

*Related to one of the parties.

possession, it must appear either that he was a *bona fide* purchaser and holder at the time he made the improvements, or that the improvements were made by him under such circumstances that it would be a fraud upon his rights to permit the owner to take them without compensation. (p. 784.)

2. EJECTMENT—CLAIM FOR IMPROVEMENTS—WHEN ALLOWED.

Such evicted claimant, who is not a *bona fide* purchaser, can not recover compensation for his improvements, unless he shows that the owner has been guilty of fraud or gross laches in not notifying such claimant to desist, when he knew that the improvements were being made by the claimant under a mistaken belief that his title was good. (p. 785.)

3. EJECTMENT—CLAIM FOR IMPROVEMENTS—WHEN ALLOWED.

If the owner had no knowledge of the fact before or at the time the improvements were made, he can not be charged with them, although he is cognizant of the fact after they have been completed, and fails to notify the claimant of his title. (p. 786.)

4. EJECTMENT—CLAIM FOR PAYING OFF LIEN—WHEN ALLOWED.

Where such claimant, while in possession of the property, pays off certain costs of suits purporting to be liens on the property, he will not be entitled to charge the owner with such costs, when it appears either in a direct or collateral suit or proceeding that the court which decreed said costs to be paid had no jurisdiction to render such decree against either the owner or the property. (p. 788.)

5. COMMISSIONER—REPORT—REVIEW ON APPEAL.

Where the finding of a commissioner upon a matter properly before him is based on the mere opinions of the witnesses, who differ greatly in their estimates, and the finding of the commissioner is sustained by the decree of the Circuit Court, this Court will not disturb such finding, unless it is plainly irreconcilable with any reasonable view of the evidence. (p. 790.)

*Cyrus Hall* and *J. F. Brown* for appellant.

*R. S. Blair* for appellee.

SNYDER, JUDGE:

On November 17, 1883, this Court, upon an appeal from a decree of the Circuit Court of Ritchie county, reversed the decree of the Circuit Court, and remanded the cause to that court "for further proceedings therein to be had according to the principles announced in the opinion" then delivered by

this Court. *Hall* v. *Lowther*, 22 W. Va. 570. It appears in the record, as well as the opinion delivered on the former appeal, that the house and lot which are the foundation of the present appeal were sold under a decree entered in the suit of *Alexander Lowther* v. *Cyrus Hall and others.* The sale was made March 18, 1864, and confirmed March 23, 1864. At said sale, J. M. Stephenson became the purchaser at the price of $256.00, but he assigned his purchase to Moses S. Hall, to whom the property was conveyed by the commissioner.

The said Moses S. Hall, in his answer· to the bill in this cause, avers that Stephenson sold the property to him at the price of $600.00, of which sum $344.00 was paid to the wife of the plaintiff, Cyrus Hall, by direction of Stephenson, and that upon the written order of the latter, the commissioner, by deed dated March 23, 1864, conveyed said property to him, and he at once took possession of it; that he had placed valuable improvements thereon, and has been in possession ever since ; that the plaintiff, Cyrus Hall, returned to Ritchie county in December, 1865 ; that he stood by and saw respondent expending large sums in the improvement of said property, without intimating or asserting any claim thereto until some time in the year 1871, when the improvements were about completed. 22 W. Va. 573. The exact language of this defendant's answer is :

"And respondent, believing his title to be good, proceeded to and has at great expense to himself repaired, enlarged and improved and beautified the said lot in various ways, and has thereby rendered it very valuable, so that it is now worth probably $2,500.00; and that during all the time from December, 1865, while respondent was making his said improvements, said complainant was cognizant of the same, and well knew that respondent was expending large sums of money upon permanent improvements upon the property, but failed to warn respondent or even to claim that he, complainant, had any shadow of right or title to said property, until some time in the year 1871, when respondent had completed most of his improvements, and had rendered the property very valuable, and was offering the property for sale, complainant, for the first time, suggested that there were irregularities in the proceedings, and that respondent's title was defective."

This Court on the former appeal reversed the decrees directing and confirming the sale of said property, and set aside the conveyance to the defendant, Moses S. Hall; and in the opinion, referring to the aforesaid averments in the answer of the defendant, Moses S. Hall, the Court said: "But if it shall hereafter appear, as is suggested by his answer filed to the plaintiff's bill, that said Moses S. Hall placed valuable permanent improvements upon said property, and that the appellant was cognizant of the fact at the time they were being placed thereon, and made no protest and did not then question the title of said Moses S. Hall to said property, he shall be entitled to compensation for such improvements in the manner and to the extent provided for by chapter 91 of the Code of this State, and in the same manner he shall be charged with the rents and profits of said property." 22 W. Va. 579.

The Circuit Court, after entering the mandate of this Court, by an order made February 26, 1884, referred the cause to a commissioner to report—*First*, the permanent improvements placed upon said house and lot by the defendant, Moses S. Hall, since the 23d day of March, 1864, the several dates of making the same, and the value thereof at the time made and their present value; *second*, whether or not the plaintiff, Cyrus Hall, was cognizant of the fact at the time or times the said improvements or any of them were being made, and whether or not he made any protest or questioned the title of the defendant to said property; *third*, the rental value of said property, excluding the improvements, during the time the defendant held possession of the same; and, *fourth*, what taxes the defendant has paid on the property, and what taxes if any were paid by the plaintiff for the same years.

Many witnesses were examined before the commissioner, whose depositions are filed in the cause, and the commissioner reported that the original cost of all the permanent improvements made by the defendant, amounted to $2,762.70, and that their present value was $2,211.00, but that this included improvements of the value of $575.00 which had been made since this suit had been brought; that "the evidence does not show that the plaintiff, Cyrus Hall, was cognizant of the fact at any specific time or times that any of said respect-

ive permanent improvements were being made, but it does show, by his own evidence, that he saw said improvements had been made." It shows further that the title was questioned by the plaintiff in 1871 ; that the annual rental value of the property was $36.00, and the aggregate rent and interest upon that basis amounted to $841.49 as of September 3, 1884, the date of the report; and that the amount of taxes paid on the property by the defendant, principal and interest, was $549.70. The commissioner with his report filed itemized statements and calculations in detail from which he deduced the above results.

This report was excepted to by the plaintiff upon various grounds, which need not here be stated. By an order made October 25, 1884, the court sustained the exceptions, and referred the cause to another commissioner with directions to report upon the matters required by the former decree. This commissioner took a great mass of additional depositions. The results of his report are as to their amounts and findings of facts substantially the same as those of the former report, except as to the rental value, which he fixed at $60.00, instead of $36.00, making the aggregate as of June 1, 1886, $2,225.42.

To this report the plaintiff also filed numerous exceptions. And the defendant, Moses S. Hall, likewise excepted, because the commissioner failed to report and allow in his favor the $256.00 paid by him for the purchase of the property, and the interest on the same. The court, by its decree of July 14, 1886, without passing upon the plaintiff's exceptions, recommitted the report to the commissioner with directions to him to state and make an additional report in regard to the $256.00 referred to in the defendant's exception, and whether or not said sum of $256.00 was applied to the payment of liens on the property, and if so what liens. In response to this inquiry the commissioner took further depositions which with the other depositions and papers in the cause, swell the record now before us to nearly 500 printed pages. The commissioner reported that said $256, the proceeds of the sale made in 1864, "was applied to the discharge of liens then existing against this property as costs, commissions, expenses of sale, etc., in six chancery causes against said Cyrus Hall, as well as in the chancery cause of *Alexander Lowther* v. *Cyrus*

*Hall* upon an amended bill." The commissioner then gives the titles of these six causes. The plaintiff excepted to this supplemental report.

In respect to these as well as the plaintiff's exceptions to the former reports, I deem it sufficient to say that the plaintiff excepted to each and every item allowed against him in almost every conceivable form and with great detail and distressing prolixity. The court, by its final decree of July 9, 1887, overruled all the plaintiff's exceptions to the reports, confirmed the last report and supplemental report of the commissioner, ascertained the balance due from the plaintiff to the defendant, M. S. Hall, according to said reports, to be $512.07, and ordered that unless the plaintiff should pay said sum to the defendant, then the said house and lot should be sold to pay such sum and costs of this suit. From this decree the plaintiff has appealed.

The first inquiry is: Do the facts appearing in the record entitle the appellee, Moses S. Hall, to compensation for any of the improvements alleged to have been made by him upon the house and lot? In order to entitle him to such compensation it must be shown either that he was at the time he made the improvements a *bona fide* occupant and holder of the property, or that the improvements were made by him under such circumstances that it would be a fraud upon his rights to permit the owner to take them without compensation. To bring the appellee within the first class, it must appear that he not only believed he had a good title to the premises and made the improvements in good faith under that belief, but it must be shown that he at the time had reasonable grounds to believe his title good. It is sufficient to defeat his right to compensation if the title under which he claimed appeared upon its face to be defective; in other words, he will not be entitled to compensation if he had the means of obtaining information of the defect in his title. *Dawson* v. *Grow*, 29 W. Va. 333, 1 S. E. Rep. 564; *Graeme* v. *Cullen*, 23 Grat. 266, 295; *Jackson* v. *Loomis*, 15 Amer. Dec. 347, note 349. It is well settled that what is sufficient to put a person upon inquiry will charge him with the actual knowledge of the facts of which a diligent pursuit of that inquiry would have informed him.

*French* v. *Land Co.*, 6 Leigh 627, 655; *Cain* v. *Cox*, 23 W. Va. 594, 609. It is clear, according to these authorities, that the appellee in this cause can in no sense be regarded as a *bona fide* holder or claimant. He does not pretend to have had any title except that acquired as a purchaser under decrees in the suit of *Lowther* v. *Hall.* The present suit is a continuation of that suit, it being a bill of review filed to set aside and annul the decrees made in that suit for errors apparent upon the decrees and proceedings therein. The said decrees for said errors were set aside by this Court, and the sale made thereunder as well as the deed to the appellee annulled and vacated. The very record upon which the appellee claimed title bore upon its face the errors and imperfections for which said title was set aside. He had access to this record, and as he claimed title through it, he was bound to know what defects, if any, it disclosed. If, after examining this record, he mistook its purport and failed to discover its errors, he was nevertheless in possession of all the facts, and therefore his failure to appreciate the errors it contained was a mistake of law against which courts cannot relieve. *Beard* v. *Beard*, 25 W. Va. 486, and cases there cited. The appellee was also a *pendente lite* purchaser, and was for that reason not only bound by all the decrees entered in the cause before his purchase, but those affecting his purchase, which were entered subsequent thereto, and must be taken to have had notice of all the facts affecting the title to the property purchased, and to be bound by the ultimate results of the suit. *Lynch* v. *Andrews*, 25 W. Va. 751.

Were the improvements made by the appellee, although he was not a *bona fide* purchaser, made under such circumstances that it would be a fraud upon his rights to allow the owner to take them without compensation? In *Morris* v. *Terrell*, 2 Rand. (Va.) 6, it was held that " a purchaser who is evicted is not entitled to compensation for improvements, unless the owner has been guilty of a fraud, by permitting such improvements, without giving notice to the possessor, or of gross laches in asserting his claim after he is apprised of it." This Court announced the same doctrine in *Dawson* v. *Grow*, 29 W. Va. 333, 1 S. E. Rep. 564, holding that such evicted claimant who had constructive notice of the defect

in his title was not entitled to compensation for his improvements, " unless the owner had been guilty of fraud or laches in not notifying such claimant to desist, when he knew the improvements were being made by the claimant under a mistaken belief that his title was good." In this suit no compensation was allowed, because it was shown that the owner lived 20 miles from the place where the improvements were made, and there was no evidence that he had any notice or knowledge that they were being made until after they had been completed. See 2 Story Eq. Jur., §§ 799*a*, 1,237; *Walker* v. *Beauchler*, 27 Grat. 511.

This Court, on the former appeal of this cause, following the doctrine of these authorities, announced the law as follows: " But if it shall hereafter appear, as suggested by his answer filed to the plaintiff's bill, that said Moses S. Hall placed valuable permanent improvements upon said property, and that the appellant was cognizant of the fact at the time they were being placed thereon, and made no protest and did not then question the title of said Moses S. Hall to said property, he shall be entitled to compensation for such improvements, in the manner and to the extent provided for by chapter 91 of the Code of this State, and in the same manner he shall be charged with the rents and profits of said property." 22 W. Va. 579. The decree of the Circuit Court was reversed, and this cause remanded to that court for the sole purpose of making the inquiry in regard to improvements and rents and profits in accordance with the law as thus declared. It seems to me, therefore, plain that the question under consideration is *res judicata* in this cause, and the only inquiry open before the Circuit Court was whether the appellee, Moses S. Hall, offered evidence which entitled him to compensation for his alleged improvements under the principles of law as thus declared and fixed by the mandate of this Court; and that the only question now before this Court is whether or not the facts in the record, upon the law thus declared, warrant the decree appealed from so far as it relates to the alleged improvements of the appellee.

This being the law binding upon the parties to this suit, the first question is: Does the proof show that the appellant, Cyrus Hall, was cognizant of the fact that the appellee, Moses

S. Hall, was placing permanent improvements upon the house and lot at the time they were being so placed? The only direct evidence on this question is the depositions of the parties themselves. Moses S. Hall, in reply to the question, "Do you know whether Cyrus Hall knew that said improvements were being made when they were so made?" says, "I do not." In reply to other questions he says Cyrus Hall never protested against his making the improvements and never questioned his title until late in the year 1871. He further says that during the war Cyrus Hall was in old Virginia within the Confederate lines, in 1866 he was in Maryland, in 1867 to 1872 he resided in Parkersburg, and was in the habit, while living at Parkersburg, of attending court at Ritchie court-house. On the other side, Cyrus Hall testifies that he was within the Confederate lines from the commencement of the war in 1861 until its close in 1865; that in the fall of 1865 he returned to West Virginia, and resided in Parkersburg from that time to 1881; that he first met Moses S. Hall in Parkersburg in the fall of 1865, and then told him that his property had been taken from him without compensation, and he intended to see if it could be so taken; that in 1868 he and Moses S. Hall agreed to arbitrate the matter of the title of the property, but afterwards Moses refused to carry out the agreement; that he always protested against the title of Moses S. Hall to this property; that as early as 1866 he had the record copied for the purpose of bringing suit to set aside said title as soon as the test oath should be removed, and kept it until he brought this suit; that he lived 40 miles from Ritchie court-house, and was there only occasionally at court; has never been inside of the house or lot since 1861, and knew nothing of the various improvements claimed to have been made at the time they were being made; that he saw the office, shutters on the house, and a stable and ice-house on the lot, but has no knowledge when they were put there.

This is the substance of the evidence on this point, and upon this evidence two different commissioners to whom the cause was referred in their several re-ports find and report that "the evidence does not show that the plaintiff, Cyrus Hall, was cognizant of the fact at any specific time or times that any of the specific permanent improve-

ments were being made, but it does show, by his own
evidence, that he saw that the improvements had been made.
It shows further that the title had been questioned by the
complainant in 1871." This finding, it seems to me, is fully
warranted by the evidence, and is conclusive of the fact that
the plaintiff was not cognizant, at the time the alleged im-
provements were put upon the property, that any of them
were being put there. And, I think, the evidence and sur-
rounding circumstances tend strongly to show, if they do not
fully show, that Moses S. Hall was fully informed that the
appellant did question the title of said Moses to the property
as early as the year 1865. But this fact is not material, since
there is no evidence even tending to show that the appellant
was guilty of any fraud or laches in regard to said improve-
ments. As soon as the law permitted him he brought his
suit to set aside the sale and title of the appellee to said
property. I am, therefore, of opinion that Moses S. Hall is
not entitled to compensation for any of the alleged improve-
ments placed upon said property.

The next inquiry is: Does the appellee, Moses S. Hall, show
that he is entitled to charge the appellant with the $256.00
alleged to have been paid by him to Commissioner Amiss on
account of the purchase of said house and lot at the sale
made in 1864? Aside from the fact that this claim is not in-
cluded among the matters referred by this Court to the
Circuit Court for its investigation, and therefore not a proper
subject for the consideration of that court, the evidence
clearly shows that the appellant never derived any benefit
whatever from the payment of said money, or that it was
used in the discharge of any liability which he was under
any legal or moral obligation to pay. The only pretence on
which any claim is made to charge the appellant with any
portion of this alleged purchase-money is that it was used to
pay off the costs taxed in six chancery suits brought against
the appellant in the Circuit Court of Ritchie county in the
year 1862 by different parties. The proof wholly fails to
prove that this money was so used; but even if it be con-
ceded that such is the fact, still that would not fix any lia-
bility on the appellant, or give any right to the appellee to
charge him with said money. The proof shows that at the

time these pretended suits were instituted and the said costs accrued the appellant was within the military lines of a belligerent power, then in open war with the government under which the said court derived its authority and exercised its jurisdiction, and that no process was in fact or could have been served upon him. The court was there- fore wholly without jurisdiction to render any decree against the appellant for costs or for any other purpose; and any pretended decrees or orders it may have rendered against him were wholly inoperative and void in any direct or collateral suit or proceeding. *Haymond* v. *Camden*, 22 W. Va. 180; *Grinnan* v. *Edwards*, 21 W. Va. 347; *Windsor* v. *Mc-Veigh*, 93 U. S. 274; *Dean* v. *Nelson*, 10 Wall. 172.

The only remaining question is as to the proper amount to be allowed the appellant, Cyrus Hall, for the rents and profits of the aforesaid property, and the amount of taxes paid by Moses S. Hall on said property which he is entitled to have credited on said rents and profits. The findings of the commissioner as to the rents and profits are as follows : " As to the rental value of said land and premises, after examining the testimony of very many witnesses, ranging in their opinions from nothing up to $175.00 per annum, and considering the opportunities and ability as to the means of knowing and the sale and purchase of the land, doth ascertain the rental value of said land and premises (not including permanent improvements placed thereon by Moses S. Hall) at sixty dollars per annum, making the annual rests each year. On the first day of June, 1886, the principal amounts to $1,336.18, and interest, $889.24; making a total June 1st, 1886, of $2,225.42." And as to the taxes paid by Moses S. Hall, the commissioner finds the principal to be $363.22, and the interest thereon to June 1st, 1886, $221.77; making the total $584.99. The appellant excepted to the finding of the commissioner and the report on the ground that the annual rental value of the property should have been fixed at not less than $125.00, instead of only $60.00. But he made no exception to the report in regard to the taxes paid. The appellee, Moses S. Hall, made no exception to the report either in respect to the amounts allowed for rents and profits or for taxes paid. The evidence in respect

to the annual rental of the property is quite voluminous, and consists almost entirely of the opinions of the witnesses. It is true the witnesses for the appellant fix the value much above the amount allowed by the commissioner, but those for the appellee fix it at much less. In such case, where the court below has approved the finding of the commissioner, it is the uniform practice of this Court to sustain the finding, unless it is contrary to law, or plainly irreconcilable with any reasonable view of the evidence. *Graham* v. *Graham*, 21 W. Va. 698; *Handy* v. *Scott*, 26 W. Va. 710; *Broderick* v. *Broderick*, 28 W. Va. 397.

For the foregoing reasons, I am of opinion that the decree of the Circuit Court be reversed, and a decree in lieu thereof entered by this Court in favor of the plaintiff, Cyrus Hall, against the defendant, Moses S. Hall, for the sum of $1,704.97, with interest thereon from July 9, 1887, that being the difference between the total value of the rents and profits and the aggregate of taxes reported by the commissioner, with interest on the principal of each of said sums to the date aforesaid, for which amount and the costs of this suit the plaintiff is authorized to have execution issued from the clerk's office of said Circuit Court against the said defendant, Moses S. Hall.

REVERSED.