# CHARLESTON.

## HAYMOND v. CAMDEN et al.

### Decided December 15, 1900.

1. EQUITY—*Finding of Commissioner—Setting Aside:*

    The conclusions of a commissioner in chancery on purely questions of fact referred to him for ascertainment, and involving the weight of conflicting testimony, should have every reasonable presumption in their favor, and should not be set aside unless it plainly appears they are not warranted by any reasonable view of the evidence. (p. 465).

2. PERMANENT IMPROVEMENTS—*Bad Title.*

    It is not proper to allow permanent improvements to a claimant who has notice, actual or constructive, that his title is bad, although he act under the mistaken belief that it is good. (p. 467).

3. ENHANCED VALUE—*Allowance.*

    In case permanent improvements are allowed, it is the enhanced value thereof to the landowner, and not the cost thereof to the claimant, that furnishes the measure of allowance. (p. 467).

4. RENT—*Annual Credit.*

    In calculating a purchase money and rent account, the rent, less the taxes, if it exceeds the interest, should be annually credited on the purchase-money balances. (p. 469).

Appeal from Circuit Court, Harrison County.

Action by Luther Haymond against Gideon D. Camden and others. Judgment for plaintiff, and R. Snowden Andrews appeals.

*Reversed.*

R. S. CULBRETH, DAVIS & DAVIS, and JOHN BRANNON, for appellant.

JOHN BASSEL and C. W. LYNCH, for appellees.

DENT, JUDGE:

R. Snowdon appeals from the decree of the circuit court of Harrison County pronounced against him on the 29th day of September, 1898, for the sum of eleven thousand nine hundred and fifty-nine dollars and twenty-three cents, with interest and

costs, in the chancery cause of Luther Haymond against Gideon D. Camden and others.

This cause was in this Court before, and was remanded, with directions that the appellant be restored to the possession of his farm, and that the balance of purchase money for which he is liable be ascertained by deducting therefrom the rents and profits accrued, less the taxes. For a further statement of the case see 22 W. Va. 180. On return of the cause to the circuit court a decree was entered restoring appellant to possession of his lands and referring the question of purchase money, rents and profits less taxes to commissioner Horner for ascertainment. The commissioner returned his report by which on calculation of the purchase money, rents and interest, he brought the appellant out ahead to the amount of thirteen thousand six hundred and fifty-five dollars and forty-two cents. Numerous exceptions were filed to this report. By decree of September 25, 1889, the circuit court sustained a number of these exceptions and overruled others, and then proceeded to determine on what principles the commissioner to whom the cause was recommitted should make up his report. It changed the annual rental as fixed by the commissioner from one thousand dollars to eight hundred and nineteen dollars, and then gave the following directions: "The commissioner shall take no account for the clearing of the land stated in these proceedings to be about one hundred acres, nor shall he take any account for the timber taken therefrom, the court being of the opinion that the charge for clearing said land is compensated by the timber taken from the same; that said Andrews shall be charged one thousand dollars for improvements, buildings, fencing, etc., with interest on same or the parts thereof from the time the same were made; that the said Andrews be charged with the sum of one hundred dollars annually for repairs, cutting filth, fencing, etc., with interest from the end of each year; that the said Andrews be charged with taxes paid with interest on the several amounts from the end of each year for which the taxes were paid." The commissioner to whom the cause was recommitted returned his report with his calculations made according to the directions of the court and brought the appellant out in debt to the amount of eight thousand nine hundred and sixty-nine dollars and ninety-four cents as of November 25, 1887. This report was excepted

to because the court arbitrarily fixed the amount of credits and debits before recommitting the same to the commissioner without any just cause for so doing. Because the commissioner failed to credit Andrews with the seven hundred and fifty dollars rent derived from attachment of the land. This exception was properly sustained by the court, and the amount credited, Because of the charge of one thousand dollars for improvements, the one hundred dollars per annum for repairs, fencing, etc., and the amount of taxes charged. The court at the hearing overruled all the exceptions but the one in relation to the rent charge omitted and entered the decree complained of aforesaid.

The first question presented is as to the right of the circuit court to arbitrarily reject the finding of a commissioner as to a question of fact, and substitute its own finding in lieu thereof. "The conclusions of a master in chancery depending on the weight of conflicting testimony, have every reasonable presumption in their favor and are not to be set aside, unless there clearly appears to have been error or mistake on his part." *Tilghman* v. *Proctor,* 125 U. S. 136. "Every presumption is made in favor of the correctness of the decision of the commissioner in chancery. If the testimony is conflicting the court rarely interferes with his finding on the facts, PROVIDED HE MAKES NO ERROR OF LAW AFFECTING THE RESULT." *Hartman* v. *Evans,* 38 W. Va. 669. "Where questions purely of fact are referred to a commissioner to be reported upon, the findings of the commissioner, while not as conclusive as the verdict of a jury, will be given great weight, AND SHOULD BE SUSTAINED UNLESS IT PLAINLY APPEARS THAT THEY ARE NOT WARRANTED BY ANY REASONABLE VIEW OF THE EVIDENCE." *Fry* v. *Feamster,* 36 W. Va. 454; *Rogers* v. *O'Neal,* 33 W. Va. 159; *Handy* v. *Scott,* 26 W. Va. 710; *Graham* v. *Graham,* 21 W. Va. 698; *Boyd* v. *Gunnison,* 14 W. Va. 1. As to a proper rent charge in this case, the evidence is highly conflicting, so that reasonable men may widely differ with regard thereto, depending on their knowledge, experience prejudices and feelings. The court could have directed an issue to a jury to determine the same, but the parties not asking that this be done, the court submitted the matter to a commissioner. He reported that the rents and profits amounted on an average to the sum of one thousand dollars per year since the 1st day

of April, 1864, over and above the costs of average annual repairs for the period stated. This was excepted to, and the court arbitrarily changed the same to eight hundred and nineteen dollars from which one hundred dollars per annum for fencing, cutting filth, etc., and a lump sum of one thousand dollars for permanent improvements were to be deducted, and also the taxes thus reducing the net rent to less than five hundred dollars per annum, or a little in excess of fifty cents per acre. This is an entire departure from the long established principles of law above quoted, that the findings of the commissioner should be sustained, unless it plainly appears that they are not warranted by any reasonable view of the evidence. The court might have been justified in setting aside the finding of the commissioner had it done so for the purpose of directing an issue to a jury, but it ought not to do so simply for the purpose of substituting its opinion on evidence so conflicting for that of the commissioner. The commissioner's finding was undoubtedly justified by a reasonable view of the evidence, and because the court can arrive at a different conclusion does not authorize it to disturb such finding. Commissioner Horner further reported: "As to the questions of improvements raised by the evidence in this case or the question of damages to the land on account of timber, etc., taken off of it and sold, they are neither before him under the reference in this cause." There are no pleadings that raise these questions or put them in issue, yet in fixing the net annual rent it would be necessary to consider the expense of keeping the land in proper condition and to show such improvements as enhanced the rental value of the land in fixing the true amount of rent to which appellant was entitled. For to the extent the rent was enhanced in value by reason of the improvements no recovery could be had. "In charging rents and profits, the estimate must not include any profits which are exclusively from such improvements; for if they were to be embraced in the estimate the occupier would in fact be paying for the profits of that which was his own. Therefore the estimate of rents must be made in exclusion of such as appear to have arisen from the occupying claimant's own expenditure in improvements." *Neale* v. *Hagthrop,* 3 Bland (Md.) 551. But there appears to be no evidence showing that the rents were enhanced in value by the permanent improvements. There is some evidence showing that the

rental value was increased by the cleaning up of filth and repairing building and keeping the fences in repair. These latter the commissioner appears to have included in his estimate of the rent, for he places it at one thousand dollars over and above the expense of annual repairs. Nor should permanent improvements in any case be taken into account unless they enhance the value of the property, and then the enhanced value and not the cost of the improvement is the proper measure of allowance. "If the improvements upon the land are plainly of no use to plaintiff or are so ephemeral in their nature that they must perish before the plaintiff can reap benefit from them, no allowances should be made." 10 Am. & En. Ency. Law (2 Ed.) 545. There is no evidence showing that the land has been enhanced in value by the improvements referred to alone in the testimony, the decree of the court and the commissioner's report in pursuance thereof. The case of *Hall* v. *Hall,* 30 W. Va. 779, is decisive of this question. The claimants of the land not having been *bona fide* holders, but holding under title of the defects of which they had full notice, they cannot claim allowances for improvements. In the late case of *Williamson* v. *Jones,* 43 W. Va. 562, this Court held that "one making permanent improvements on lands as if his own at a time when there was reason to believe his title good, is to be allowed their value so far as they enhance the value of the land, but if when making them he has notice, actual or constructive, of the superior right of another he cannot be allowed them. The parties here if they did not have actual, had constructive notice of appellant's superior title. In the same case it is held: "One having notice of facts rendering his title inferior to another's, who by mistake of law regards his title good, cannot claim for permanent improvements." From this it appears there is neither pleading, evidence or law justifying the allowance for improvements. *Bodkin* v. *Arnold, supra,* (35 S. E. 980).

Commissioner Horner reported "that the use of the land for raising grain after it was cleared by Lynch and the timber taken off the land by Lynch was equal to the cost of clearing the land and building the houses." The appellant took no exceptions to this report, and hence he is bound by it.

The court on the exception of James Lynch directed commissioner Thompson to take "no account for the clearing of the

land stated in these proceedings to be one hundred acres, nor shall he take any account for the timber taken therefrom, the court being of the opinion that the charge for clearing said land is compensated by the timber taken from the same." This, as shown before, the court was not justified in doing, as the report in this regard was fully ·supported by a reasonable view of the evidence. The assessor's books of the county showing the amount with which the land was assessed taken together with the evidence of the payment of the taxes is a sufficient *prima facie* showing of the payment of the taxes and their amount in the absence and loss of the tax receipts, and these taxes were properly deducted from the rent by commissioner Thompson, and commissioner Horner erred in not ascertaining the same instead of rejecting them entirely. The holding in the case of *Duncan* v. *Custard*, 24 W. Va. 731, does not govern this case, for there is evidence showing the payment of the taxes as a whole, and the record books of the county clerk's office show the true itemized account thereof. These were acessible to the commissioner for this purpose. And it would certainly be an act of injustice not to credit these taxes on the rent account. Appellee's counsel insist that appellant being relieved from the payment of interest from the 27th of April, 1861, to April 2, 1866, the appellees should be released from the payment of rent during the same period. The interest and rent questions are *res adjudicata* which this Court has now no authority to re-open, even though· decided erroneously. *Camden* v. *Haymond*, 22 W. Va. 180; *Bank* v. *Hays*, 37 W. Va. 475; *Rogers* v. *Rogers*, 37 W. Va. 407; *Sayre's Admr.* v. *Harpold*, 33 W. Va. 553; *McCoy* v. *McCoy*, 29 W. Va. 794; *Tracy* v. *Shumate*, 22 W. Va. 475; *Carrothers* v. *Sargeant*, 20 W. Va. 351; *Wick & Co.* v. *Dawson*, decided at this term. No interest should be charged on the rent, tax accounts or other credits until after the 2d day of April, 1866, for both parties are entitled to be treated alike in this respect. In making up the account the commissioner should not charge interest on either taxes or rent, but should deduct the taxes from the rent annually, and then credit the rent on the purchase money, and calculate interest on the annual balances. There are some items of interest improperly charged in both commissioner's reports, and neither have stated the account according to the United States rule for computing interest.

The decree complained of will therefore be reversed and the cause remanded to the circuit court to be referred to a commissioner to state the account between the appellant and appellee James Lynch, with directions not to charge or credit either party with any interest prior to the 2d day of April, 1866, and subsequent to the 27th of April, 1861, and on the sum total of the purchase money he shall credit the annual rental of one thousand dollars less the annual taxes annually, and shall calculate the interest on these annual balances, giving such credit only when the credit exceeds the interest, and thus ascertain the true state of the accounts between the parties. And the cause shall be further proceeded in according to the rules and principles governing courts of equity.

*Reversed.*