ELIJAH M. TOPLIFF v. WILLIAM SHADWELL.

**No. 13,443.**  (74 Pac. 1120.)

SYLLABUS BY THE COURT.

1. AGENCY— *Unauthorized Sale of Realty — Principal Not Liable for Improvements.* An agent to rent land for a non-resident made a contract for its sale without authority from the owner. The purchaser went into possession under the contract and improved the property without the knowledge or consent of the principal. The owner repudiated the contract of sale. *Held,* that he was not chargeable with the value of the improvements made by such purchaser.

2. ——— *When Notice will be Imputed.* To affect a principal with notice, the matter known to the agent must be something within the scope of his agency.

Error from Edwards district court; E. H. MADISON, judge *pro tem.*   Opinion filed January 9, 1904..  Reversed.

*Frank H. Foster,* for plaintiff in error.

*F. Dumont Smith,* and *A. C. Dyer,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: William Shadwell brought an action against Elijah M. Topliff, a resident of the state of New Hampshire, alleging that the latter, in June, 1899, made a written agreement whereby he promised to convey to Shadwell certain city property in Kinsley, Kan., for the sum of $2500—$1500 to be paid September 1, 1899, secured by a chattel mortgage, and the balance, $1000, to be paid on or before September 1, 1902, to be secured by a first mortgage on the premises, to be executed when the $1500 was paid.  Upon the payment of said $1500 and the giving of the mortgage Topliff agreed to make a good and sufficient

warranty deed to Shadwell for the property. The petition further alleged that Shadwell, with the consent of Topliff, took possession, and on or about September 1, 1899, made valuable improvements and repairs to the amount of $600. The petition alleged a tender of performance of Shadwell, a refusal of Topliff to comply with the contract, and prayed for damages to the amount of $3100. Topliff answered denying that one H. C. Bingham, who made the contract with Shadwell, had authority so to do. Shadwell replied that Bingham had been held out to the world by Topliff as his agent, and that the latter had ratified the contract by offering to execute a special warranty deed, and was therefore estopped from denying the agency of Bingham.

The trial resulted in a verdict and judgment for Shadwell in the sum of $425, which judgment was reversed in this court. (*Topliff v. Shadwell*, 64 Kan. 884, 67 Pac. 545.) After the case was remanded plaintiff below obtained leave to amend his petition, striking out all allegations for special damages, and based his action on the implied promise of Topliff to pay for improvements and repairs made by plaintiff below on the premises. The amendment is prefaced with this statement:

"That this plaintiff, relying upon said contract and with the consent of the defendant, took possession of said premises and made the following permanent and lasting repairs and improvements thereon, to wit."

Then follows an account of the repairs made upon the property and the cost thereof.

It was conceded at the trial that Bingham, who made the contract of sale, had no authority to do so, and that he was a rental agent only. The court instructed the jury that if Shadwell took possession un-

der a genuine belief that he had contracted to purchase from an agent who had authority to sell, that he made improvements and repairs under the belief that his contract was a good and valid one, and in making such repairs he was adding to the value of the property, and that he was put into possession by Bingham, who was a rental agent of the property, then the plaintiff below might recover the proper value of such repairs and improvements, although it should afterward develop that Bingham did not have authority to make such contract of sale.   The court told the jury:

"It is the law that a person who, acting under an honest mistake of fact, makes permanent and lasting repairs to the property of another and enhances the value of such property by said repairs, is entitled to recover from the owner of said property the value of said improvements and repairs."

The plaintiff below recovered a judgment.

We cannot approve the statement of law contained in the instructions when applied to the facts of the present case.   Plaintiff below went into possession under a contract of which the owner of the land was ignorant.   He avers in his petition that he made the improvements and repairs relying on such contract. It is true that the consent of Bingham was shown, but Bingham was a rental agent only, and plaintiff below made no claim that the relation of landlord and tenant existed between himself and Topliff, the owner of the land, at any time.   The knowledge of a rental agent that improvements and repairs were being made by one in possession of land under a contract of sale would be no more effectual to bind the principal to pay for them than if such knowledge was brought home to an agent having charge of cattle for the principal with power to sell them.

To affect the principal with notice, the matter known to the agent must be something within the scope of his agency. (Tiff. Ag. 262; Wade, Not., 2d ed., § 674; *Roach v. Karr*, 18 Kan. 529, 26 Am. Rep. 778.) In *The State, ex rel. St. Jos. & D. C. Rld. Co., v. Comm'rs of Nemaha Co.*, 10 Kan. 569, 579, Brewer, J., speaking for the court, said : ·

"Authority from a principal to an agent to do a specific act is limited to that act, and does not empower the agent to bind his principal to an act securing essentially different rights, and imposing essentially different obligations."

The legal proposition involved is this : An agent to rent land for a non-resident makes a contract for its sale without authority from the owner. The purchaser goes into possession under the contract and improves the property without the knowledge or consent of the principal. After the agreement to sell has been brought to the attention of the owner and repudiated by him, is he chargeable with the cost of improvements made by the purchaser? We think not. In the numerous cases cited by counsel to sustain the judgment an implied promise to pay for labor or services was inferred from the fact that they were made with knowledge of the person benefited, or accepted by him, although not made under an agreement to pay therefor. The law does not require the owner situated as defendant below to leave the land in possession of such a purchaser until the improvements are paid for. The taking possession after the betterments were placed on the property by Shadwell was a right which the owner had, and did not imply a promise on his part to pay their value. In a like case it was held that the purchaser was not entitled to the benefit of the occupying-claimant's law. (*J. Doe, ex*

*dem. Samuel M. Reynolds, v. N. Cordery,* Fed. Cas. No. 11,729, 4 McLean, [C. C.] 159.   See, also, *Isle Royale Mining Co. v. Hertin,* 37 Mich. 332, 26 Am. Rep. 520 ; *Hall v. Hall,* 30 W. Va. 779, 5 S. E. 260.)

The judgment of the court below will be reversed and a new trial ordered.

All the Justices concurring.