**HUNTINGTON DEVELOPMENT & GAS CO. v. STEWART.**

No. 3195.

Circuit Court of Appeals, Fourth Circuit.

Jan. 12, 1932.

W. C. W. Renshaw, of Huntington, W. Va. (Harold A. Ritz, of Charleston, W. Va., on the brief), for appellant.

W. T. Lovins, of Huntington, W. Va. (C. W. Mitchell, of Huntington, W. Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is the second time this action has been before this court. The opinion in the former hearing will be found in Huntington Development & Gas Co. v. Allie Stewart (C. C. A.) 44 F.(2d) 119. Reference is made to this opinion for the history of the case. At the former hearing, a judgment for the appellee, who was defendant below, was reversed, and the cause remanded for a new trial.

At the new trial, the jury again returned a

verdict for the defendant, upon which the trial court entered judgment. The plaintiff (appellant) appealed.

At the second trial, in addition to practically the same evidence given at the first trial, there was introduced, on the part of the plaintiff, the original disclaimer deed instead of a certified copy.

There was also introduced on the second trial a certified copy of release docket No. 1, of Lincoln county. Plaintiff also introduced evidence to the effect that the defendant had been told that the minerals were not owned by her grantor before she purchased the property.

The defendant denied that she had been told that she was not purchasing the minerals when she bought the tract of land in controversy, and denied that she had been served with summons or notice in the proceedings to perpetuate the testimony of Talbott and Adkins, referred to in our first opinion, and stated that she had hired no lawyer to represent her at that proceeding. The sheriff's return showed service on the defendant, and the minutes showed the appearance of an attorney representing her. The defendant also testified that she had personally made a search of the records in the office of the clerk of the county court of Lincoln county, W. Va., before purchasing the land, and had not found the disclaimer deed in question.

■ As to whether the defendant had actual notice as to the severance of the minerals, there is a direct conflict in the testimony. The jury heard the witnesses, saw them on the stand, witnessed their demeanor, and decided that question in favor of the defendant. We cannot invade the province of the jury on a question of fact.

■ An entirely different question is presented in considering whether the defendant had constructive notice of the recordation of the Bias deed of disclaimer.

The original deed, the absence of which was emphasized in the dissenting opinion of Judge Cochran in Huntington Development & Gas Co. v. Allie Stewart, supra, was introduced at the second trial. As stated in our former opinion, it was endorsed as recorded by a memorandum signed "H. Hager, Clerk," in "Release Docket," page 350. The parties interested in these disclaimer deeds, out of precaution, a step more than justified by the fire that destroyed the original book, had a copy made of the entire book and, in the year 1908 and before the fire, had it certified as correct by Robert Hager, the then clerk of the county court of Lincoln county. This cer-

tified copy of the original book showed the Bias deed recorded, beginning on the page mentioned in the memorandum on the back of the original deed.

This certified copy of what was called "Release Docket No. 1" was used as an exhibit in place of the destroyed book in the case of Miller v. Estabrook, 273 F. 143, and in that case this court, in an able opinion by Judge Woods, discusses many of the questions arising in the instant case. In Miller v. Estabrook, the certified copy of the book was given full faith and credit.

Added to the original deed and the certified copy of the destroyed record is the testimony of Talbott, that, in the year 1908, he saw this instrument on the records (not that it was recorded in that year as mentioned by Judge Cochran in his dissent).

In opposition to this overwhelming evidence, as to the recordation of the disclaimer as to the minerals, there is only the evidence of the defendant, who testified that she, in company with the then clerk of the county court of Lincoln county, made a personal search of the records just before she bought the property, and did not find the Bias disclaimer. She was not in any way skilled in such searches, and might well have failed to find the document. Yet she testified that she did find the Bias disclaimer as to a 100-acre tract. The deed and certified copy of the release docket show both tracts to be included in the same deed. If the defendant found the recordation as to the 100-acre tract, she must have found as to both. It might well be that, as the 100-acre tract was mentioned first in the document, the defendant read only that far.

The fact that the instrument was of record at the time defendant purchased the property and was therefore constructive notice to her as to the title to the minerals is proven so conclusively and so beyond all doubt as to foreclose that question.

■ As stated in Lamar's Ex'r v. Hale, 79 Va. 147, "whatever puts purchasers on inquiry which would discover want of authority in vendor, or charges on the land, is constructive and sufficient notice." In this connection, see, also, Wood v. Krebbs, 30 Grat. (71 Va.) 708; Hall v. Hall, 30 W. Va. 779, 5 S. E. 260; Fouse v. Gilfillan, 45 W. Va. 213, 32 S. E. 178.

■■ There was no evidence upon which to base the verdict of the jury as to constructive notice. Under these circumstances, submission to the jury was not justified (Southern Ry. Co. v. Walters, 52 S. Ct. 58, 76 L. Ed.

——; decided by the U. S. Supreme Court, November 23, 1931, and cases there cited), and the court below should have directed a verdict for the plaintiff. This rule applies not only in cases where the evidence is undisputed, but also in cases where the evidence is conclusive in character. Ellerson v. Grove et al. (C. C. A.) 44 F.(2d) 493.

The judgment of the court below is accordingly reversed, and this cause is remanded.

Reversed.