400 S.E.2d 604

**Jewell E. LITTLE, Appellee,**

v.

**Sharon Thomas LITTLE and David Ray Little, Defendants Below; Sharon Thomas Little, Appellant.**

**No. 19420.**

Supreme Court of Appeals of West Virginia.

Dec. 17, 1990.

Jerald E. Jones, West & Jones, Clarksburg, for Sharon Thomas Little, David Ray Little.

Herschel Rose, Rose, Padden & Petty, Fairmont, for Jewell E. Little.

PER CURIAM:

This is an appeal by Sharon Little from a final order of the Circuit Court of Marion County dated August 22, 1989. The appellant contends that the trial court erred by: 1) denying her a jury trial, 2) refusing to order a conveyance of four acres of land to which she contends she is entitled, and 3) failing to award her adequate damages for the value of improvements she placed on the four-acre tract. We disagree with the appellant's contentions and affirm the decision of the Circuit Court of Marion County.

## I.

By deed dated April 24, 1979, Raymond and Jewell Little conveyed a seventy-two-acre tract of land to their son David Little, reserving a joint life estate with a right of survivorship for themselves. Mr. and Mrs. Little were subsequently divorced on October 9, 1979, and Raymond Little married the appellant, Sharon Little, in November 1979. Prior to his divorce and remarriage, Mr. Little had begun renovation of a small "tack shed" structure located on a four-acre improved portion of the seventy-two-acre tract conveyed to Raymond's son David.[1] This renovation continued during his marriage to the appellant, and Mr. Little and the appellant lived in the renovated home until Mr. Little's death on September 13, 1987.

The appellant believed that Mr. Little and his son David had reached a verbal agreement whereby David Little would convey the four-acre tract back to Raymond Little. The appellant contended that she and Mr. Little had made improvements to the property in reliance upon the alleged verbal agreement between Mr. Little and his son David.[2] David, however, insisted that although his father had frequently requested such a conveyance, no agreement was ever consummated, verbally or otherwise.

Legal proceedings were initiated by Jewell Little, having a life estate in the property, against the appellant. Jewell Little contended that the appellant had no interest in the home or the four-acre tract following the death of life tenant Raymond Little and insisted that the appellant vacate the property. The appellant counterclaimed against Jewell Little claiming ownership of a four-acre tract pursuant to the alleged oral agreement between Raymond and David Little. The trial court, determining

---

1. The "tack shed" was generally used for recreational activities on the farm and contained a bunkbed, stove, refrigerator, etc. It was located on a discernable tract of improved and maintained land approximately four acres in size.

2. The appellant contends that Raymond Little expended approximately $28,000.00 in renovations to the property and that she expended approximately $4,500.00 in such renovations. The house and the four-acre tract of land have been appraised at $42,000.00.

all matters to be equitable in nature, denied the appellant's request for a jury trial and referred the matter to a commissioner for a hearing and recommended decision.

On January 11, 1989, Commissioner Anthony Julian issued the following findings of fact and conclusions of law: 1) Jewell Little was entitled to possession as a life tenant, 2) life tenant Raymond Little improved the property at his own peril, 3) the appellant, Sharon Little, was not entitled to damages on her unjust enrichment claim, 4) court costs of $2,935.25 were to be paid by Jewell and David Little, and 5) the evidence was insufficient to support the appellant's contention regarding the existence of an agreement to convey the property.

By order dated August 22, 1989, the Circuit Court of Marion County affirmed the commissioner's decision with the following exceptions: 1) court costs of $2,935.25 were to be paid by the appellant rather than by Jewell and David Little and 2) the sum of $2,935.25 in damages was to be paid by Jewell and David Little to the appellant.[3] It is from that August 22, 1989, final order of the Circuit Court of Marion County that the appellant now appeals.

## II.

■ The appellant contends that the trial court erred in denying her request for a jury trial. Although Rule 2 of the West Virginia Rules of Civil Procedure has abolished the distinction between law and equity, entitlement to a jury trial is still dependent upon "whether one had that right prior to the adoption of the Rules." *Warner v. Kittle,* 167 W.Va. 719, 725, 280 S.E.2d 276, 280 (1981). Prior to the introduction of the Rules of Civil Procedure, a right to a jury trial existed in an action at law. In an equitable dispute, however, the right to a jury trial did not exist.

■ The issues presented for determination in the present case involve an allegation of the existence and enforceability of an oral agreement for the conveyance of property. As such, the issues are equitable in nature. Furthermore, the remedy sought by the appellant in her original counterclaim against Jewell Little was an equitable remedy. She requested the court to acknowledge and enforce the alleged verbal agreement between Raymond Little and David Little for the conveyance of the four-acre tract. Consequently, we disagree with appellant's contention that the trial court erred in failing to require a jury trial of this matter.

## III.

■ The appellant also contends that the trial court erred in failing to order a conveyance of the four-acre tract in question from David Little to the appellant. The appellant claims that she and Raymond Little made improvements on the home in reliance upon an alleged oral agreement to transfer the property.

The appellant cites numerous cases dealing with the enforceability of oral agreements to convey property. *See, e.g., Berry v. Berry,* 83 W.Va. 763, 99 S.E. 79 (1919); *Crim v. England,* 46 W.Va. 480, 33 S.E. 310 (1899); *Frame v. Frame,* 32 W.Va. 463, 9 S.E. 901 (1889). A prerequisite to such enforceability, however, is a finding that an oral agreement did in fact exist. In the present case, the commissioner heard evidence regarding the allegations of such an agreement and determined that no agreement for the conveyance of the four-acre tract existed. The Circuit Court of Marion County adopted, with a minor exception regarding court costs, the commissioner's findings and affirmed his decision.

**3.** The court's order requiring Jewell and David Little to pay $2,935.25 in damages is the subject of a counter-assignment of error by Jewell and David Little in this appeal. While the amount determined by the lower court to constitute damages may have been somewhat speculative under the facts presented, and while the fact that the "damages" awarded were in exactly the same amount as the costs was obviously more than coincidental, we are unable to conclude that the circuit judge abused his discretion as the finder of fact in making this determination. The award of damages to the appellant covered the costs assessed against her and saved her from suffering further adverse financial consequences as a result of this whole transaction, all as a result of the lower court seeking to strike a balance of the equities between the parties.

As we have consistently recognized, " [t]he findings of fact of a trial court are entitled to peculiar weight upon appeal and will not be reversed unless they are plainly wrong.' Syllabus Point 6, *Mahoney v. Walter*, [157] W.Va. [882], 205 S.E.2d 692 (1974)." Syl. Pt. 4, *Frasher v. Frasher*, 162 W.Va. 338, 249 S.E.2d 513 (1978). We are not persuaded by the record or arguments of counsel that an agreement to convey did in fact exist. Consequently, we do not conclude that the trial court was plainly wrong.

### IV.

██ The appellant also contends that the trial court erred in failing to award her adequate money damages after its refusal to order a conveyance of the property. She claims that she is entitled to damages as reimbursement for expenditures on improvements to the property in the amount of $4,500.00. As evidence of the amount of expenditures, the appellant and her mother, Mrs. Ethel Scott, testified that approximately $4,500.00 had been saved in a small metal box in the mother's home. While Mrs. Scott testified that the $4,000.00 to $5,000.00 had been deposited in the box, she admitted that no records were kept of withdrawals or the items which were purchased with such withdrawals. Thus, neither the appellant nor her mother was capable of ascertaining what precise portion of the approximate $4,500.00 was spent on improvements to the four-acre tract in question.

While we have held, as the appellant argues, that an award of damages should include expenditures which are specifically proved in uncontroverted amounts,[4] we have certainly not extended that holding to allegations of expenditures which are based upon estimates and speculation. Quite to the contrary, we have consistently held that the amount of damages cannot be proved by mere speculation or conjecture. *Sisler v. Hawkins*, 158 W.Va. 1034, 217 S.E.2d 60 (1975); *Spencer v. Steinbrecher*, 152 W.Va. 490, 164 S.E.2d 710 (1968). In

the present case, only estimates of the amount actually expended were presented as evidence. Consequently, the trial court's award of $2,935.25 cannot be considered error.

██ The appellant also contends that she should receive the value of the improvements to the property to prevent the unjust enrichment of Jewell Little. The appellant relies primarily upon our decision in *Somerville v. Jacobs*, 153 W.Va. 613, 170 S.E.2d 805 (1969), as support for her contention. Our decision in *Somerville*, however, was based upon a factual scenario in which the individuals who improved the property had done so through a reasonable mistake of fact. The plaintiffs in that case, in reasonable but mistaken reliance upon a surveyor's report, constructed a warehouse building on a lot owned by the defendants. We affirmed the decision of the lower court requiring the defendants to elect either to: 1) retain the building and pay the plaintiffs for its reasonable value, or 2) convey the lot to the plaintiffs and receive its reasonable value as payment therefor. 153 W.Va. at 629, 170 S.E.2d at 813. We also held that "[a]n improver of land owned by another, who through a reasonable mistake of fact and in good faith erects a building entirely upon the land of the owner, with reasonable belief that such land was owned by the improver, is entitled to recover the value of the improvements from the landowner...." Syllabus, in part, *Somerville*, 153 W.Va. at 613, 170 S.E.2d at 805.

In the present case, no "reasonable mistake of fact" or "reasonable belief that such land was owned by the improver" existed. *See id.* The appellant may have reasonably believed that the land would be transferred to her husband at some time in the future based upon his request for such transfer from his son. She did not, however, improve the property based upon a reasonable mistake of fact regarding the actual ownership of the property. Nor did she reasonably believe that she or her husband owned the land. As we recognized in *Somerville*, the solution of such equitable

---

**4.** *See, e.g., Snyder v. Woods*, 178 W.Va. 741, 364 S.E.2d 269 (1987); *Delong v. Kermit Lumber &*

*Pressure Treating Co.*, 175 W.Va. 243, 332 S.E.2d 256 (1985).

questions "depends largely upon the circumstances and the equities involved in each particular case." *Somerville,* 153 W.Va. at 629, 170 S.E.2d at 813–14. Under the facts of the present case, we find that the equities favor the appellees, Jewell and David Little, and we consequently cannot conclude that the lower court erred by so holding.

Based upon our review of the record and the arguments of counsel, we hereby affirm the judgment of the Circuit Court of Marion County.

Affirmed.