618 S.E.2d 441

**Millard FRANCIS, III, Plaintiff Below, Appellant,**

v.

**Ernest BRYSON and Patricia Bryson, Defendants Below, Appellees.**

No. 32289.

Supreme Court of Appeals of West Virginia.

Submitted: May 11, 2005.

Filed: June 10, 2005.

C. Elton Byron, Jr., Abrams, Byron & Hart, Beckley, for the Appellant.

Ernest Bryson and Patricia Bryson, Pro Se.

The Opinion of the Court was delivered PER CURIAM.

## PER CURIAM.

This is an appeal by Millard Francis, III, (hereinafter Appellant) from an order of the Circuit Court of Raleigh County granting relief to the Appellant in an action he filed for unpaid rent and possession of residential real property against Ernest Bryson and Patricia Bryson (hereinafter "Appellees"). The Appellant appeals to this Court contending that the lower court erred by conditioning the possession of the real property upon the payment by the Appellant of $7,000.00 to the Appellees for improvements to the property. Further, the Appellant contends that the lower court erred in failing to grant the Appellant any judgment for alleged accrued rental arrearage. Upon review of the briefs, record, and applicable precedent, this Court affirms the order of the lower court.

### I. Factual and Procedural History

The Appellant rented a tract of real estate, including a home situated thereon, to the Appellees. The rental arrangements were originally reflected in two successive written leases, the final of which ended in 1997. Upon termination of the second lease agreement in 1997, the Appellant and the Appellees entered into a new agreement, and the parties thereafter disputed what precise continuing arrangements had been agreed upon. The Appellant contends that the new lease agreement simply consisted of the Appellees' obligation to pay $350.00 per month as rent and to continue to hold possession of the real

estate on a month to month basis. The Appellant further contends that the Appellees did not pay any rent for the period of October 2002 through October 2003, for a total arrearage of $4,300.00, as of the filing of the Appellant's claim. The Appellant thereafter filed a petition for summary relief and wrongful occupation of residential rental property in the Magistrate Court of Raleigh County, West Virginia, and a non-jury trial was conducted on October 31, 2003. The Appellant was awarded judgment in the amount of $4,300.00 for rental arrearages plus $90.00 in costs.

On November 12, 2003, the Appellees filed an appeal in the Circuit Court of Raleigh County, and a bench trial was held in February 2004. By that time, the rental arrearage allegedly totaled $5,700.00. However, the Appellees asserted that they had entered into a written agreement with the Appellant to purchase the property, requiring the Appellees to make a down payment of $4,875.00, consisting of 25% of the $19,500.00 purchase price, and to make monthly payments of $350.00 toward the purchase of the real estate.[1] While the Appellees contend that the down payment was paid, the Appellant contends that he did not receive that money and therefore treated the $350.00 monthly payments as rental payments rather than payments toward the purchase price of the real estate.

Further, the Appellees submitted evidence regarding certain improvements made to the real estate, including the replacement of floor joists, rebuilding the kitchen floor, installing interior doors, and replacing at least one window. The Appellees contended that they expended approximately $7,000.00 for such improvements and other maintenance to the property. The Appellees submitted itemized receipts for approximately $5,800.00 in such improvements.

1. The Appellees also alleged that they had entered into an oral agreement with the Appellant for the option to purchase the real estate.

2. In articulating the relief granted, the lower court order specified as follows:
   If the Court leaves the parties where it finds them, the Plaintiff will reap an unjustified windfall consisting of the improvements to the house for which the Plaintiff will not have

In attempting to resolve this matter equitably, the lower court found that while it would not require a transfer of title to the property to the Appellees, it could exercise its equitable powers to prevent an unjust result.[2] Thus, the court found that the Appellees had intended the monthly payments as payments toward the purchase of the property and as performance of the agreement to purchase the property. The court found that the Appellant accepted such payments with knowledge that the Appellees had made the payments with the intent to purchase. The court therefore ordered the Appellant to reimburse the Appellees for the $7,000.00 expended in improvements and maintenance to the property. The court did not make an adjustment for the alleged $5,700.00 delinquency in payment of rent.

## II. Standard of Review

"This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" Syl. Pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996). In syllabus point two of *Walker v. West Virginia Ethics Commission,* 201 W.Va. 108, 492 S.E.2d 167 (1997), this Court explained as follows:

In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Pursuant to those standards, we proceed to evaluate this case.

paid, and the Defendant will lose the fruits of his labor and money. Under these circumstances, the Court has inherent powers to fashion equitable relief.
The lower court further reasoned: "While the Court cannot require a transfer of title, it may exercise its equitable powers to prevent an unjust result."

### III. Discussion

The Appellant states that West Virginia Code § 55–3A–1 to –3 (1983) (Repl.Vol.2000) governs this matter and provides the relief available for a landlord for the wrongful occupation of residential rental property. The statutory remedies available, upon proper proof, are that a landlord shall be granted the immediate possession of the real estate and a judgment for the rental arrearage. Specifically, West Virginia Code § 55–3A–3 provides, in pertinent part, as follows:

(a) If at the time of the hearing there has been no appearance, answer or other responsive pleading filed by the tenant, the court shall make and enter an order granting immediate possession of the property to the landlord.

(b) In the case of a petition alleging arrearage in rent, if the tenant files an answer raising the defense of breach by the landlord of a material covenant upon which the duty to pay rent depends, the court shall proceed to a hearing on such issues.

(c) In the case of a petition alleging a breach by the tenant or damage to the property, if the tenant files an answer raising defenses to the claim or claims set forth in the petition, the court shall proceed to a hearing on such issues.

(d) Continuances of the hearing provided for in this section shall be for cause only and the judge or magistrate shall not grant a continuance to either party as a matter of right. If a continuance is granted upon request by a tenant, the tenant shall be required to pay into court any periodic rent becoming due during the period of such continuance.

(e) At the conclusion of a hearing held under the provisions of subsection (b) or (c) of this section, if the court finds that the tenant is in wrongful occupation of the rental property, the court shall make and enter an order granting immediate possession of the property to the landlord. In the case of a proceeding under subsection (a) of this section, the court may also make a written finding and include in its order such relief on the issue of arrearage in the payment of rent as the evidence may require. The court may disburse any moneys paid into court by the tenant in accordance with the provisions of this section.

(f) The court order shall specify the time when the tenant shall vacate the property, taking into consideration such factors as the nature of the property (i.e., furnished or unfurnished), the possibility of relative harm to the parties, and other material facts deemed relevant by the court in considering when the tenant might reasonably be expected to vacate the property. The order shall further provide that if the tenant continues to wrongfully occupy the property beyond such time, the sheriff shall forthwith remove the tenant, taking precautions to guard against damage to the property of the landlord and the tenant.

W.Va.Code § 55–3A–3.

As this Court explained in *State ex rel. Strickland v. Daniels*, 173 W.Va. 576, 318 S.E.2d 627 (1984), summary eviction proceedings are designed to provide recourse to landlords whose tenants are delinquent in paying rent. The case presently before this Court, however, entails substantially more complexity than a simple failure to make rent payments. Thus, other equitable concerns were properly addressed by the lower court. The lower court was presented with a situation in which it appears that the Appellees had made payments to the Appellant with the intent to purchase the property. As evidence of such intent, the Appellees contended that they expended substantial sums of money on improvements. The Appellees maintain that such improvements would not have been made if the Appellees had not intended to purchase the property and if they believed that their $350.00 monthly payment was simply a rent payment. The Appellees even contended that they had paid the down payment and had obtained a receipt from the Appellant's wife.[3] Further,

**3.** The Appellees attempted to introduce a document purported to be a receipt for the down payment. The lower court did not permit the

torn and somewhat illegible paper to be submitted as evidence. As this Court has consistently held, rulings on the admissibility of evidence are

they maintained that they had an oral contract with the Appellant to purchase the property.[4] Thus, the lower court was faced with the unenviable task of attempting to rectify a misunderstanding that had been sustained over a period of years and involved substantial expenditures of money.

■ In this Court's review of a lower court determination, this Court may not overturn a finding simply because it would have decided the case differently, and this Court must affirm "[i]f the [circuit] court's account of the evidence is plausible in light of the record viewed in its entirety[.]" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). This Court also explained as follows in *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970), *overruled on other grounds by Cales v. Wills*, 212 W.Va. 232, 569 S.E.2d 479 (2002):

> Where the law commits a determination to a [lower tribunal] and [its] discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed.

154 W.Va. at 377, 175 S.E.2d at 457 (citation and internal quotations omitted).

■ "Of course, if the trial court's findings of fact are not clearly erroneous and the correct legal standard is applied, its ultimate ruling will be affirmed as a matter of law." *Phillips v. Fox*, 193 W.Va. 657, 662, 458 S.E.2d 327, 332 (1995). We find that the conclusion of *Phillips* is also applicable in this case. Where the findings of fact are not clearly erroneous, the correct legal standard has been applied, and the application of law to the facts does not reflect an abuse of discretion, the lower court ruling should be affirmed. The lower court heard the evidence presented by the opposing parties in the present case and was in a position to make credibility determinations that must be accorded deference. "A reviewing court cannot assess witness credibility through a record." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997); *see also Gum v. Dudley*, 202 W.Va. 477, 484, 505 S.E.2d 391, 398 (1997) ("The trial court [is in the best position to] observe ... the demeanor of the witnesses and other nuances of a trial that a record simply cannot convey"); *State v. Butcher*, 165 W.Va. 522, 527, 270 S.E.2d 156, 159 (1980) ("The trial court had the benefit of observing the demeanor of the witness as he testified, and we are without such benefit").

■ As the lower court found, there was a fundamental disagreement between the parties regarding whether the $350.00 monthly payments were intended as rental payments or installment payments toward the purchase of the property. The evidence

---

properly within the discretion of the circuit court, and this Court will not overturn such rulings absent an abuse of discretion.

"The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syllabus point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994).

Syl. Pt. 1, *State v. Calloway*, 207 W.Va. 43, 528 S.E.2d 490 (1999). The Appellees have not appealed that evidentiary ruling. Even if that issue had been included in an appeal, the record reveals no abuse of discretion in the failure to permit the paper to be introduced as evidence.

4. As the Appellant contended and the lower court held, an oral agreement for the purchase of real estate is barred by the Statute of Frauds, and there can be no specific performance of an alleged oral contract for such purchase. *Callaham v. First Natl. Bank of Hinton*, 126 W.Va. 907, 30 S.E.2d 735 (1944).

Certain acts of part performance of verbal agreements for the sale of real estate have always been recognized in equity as taking a case out of the strict application of the statute of frauds. Code, 36–1–3. For example, payments of purchase money, in whole or in part, accompanied by possession of the land sold; or possession thereof, coupled with the placing of valuable improvements thereon by the purchaser, have always been held to justify a decree for the specific performance of a verbal agreement to convey real estate.... [However,] the general rule may be stated to be that specific performance cannot be decreed on the ground of part performance, unless the acts are such that legal damages would not be adequate relief [.]

*Id.* at 912–13, 30 S.E.2d at 738.

was also conflicting regarding the intentions of the parties and the understanding of the Appellant in accepting the $350.00 monthly payments. In analyzing this matter, the lower court correctly found that the written agreement between the parties, as referenced above, was inartfully drawn and appeared to require the Appellees to make a down payment of $4,875.00, in order to exercise their option to purchase the property. The lower court found that there was no reliable evidence that such payment was ever made. Therefore, the lower court found that this option to purchase was not exercised by the Appellees due to their failure "to prove that they took the step necessary to exercise the option" to purchase the property.

In granting relief, the lower court did not allow an offset for the alleged rental arrearage of $5,700.00. While the Appellant did submit evidence indicating that the Appellees had ceased making rental payments in October 2002 and consequently owed him the arrearage of $5,700.00, the Appellees indicated, as referenced above, that they intended to make monthly installment payments, thought to be payments made toward the purchase of the property, only until the purchase agreement had been satisfied. As the lower court found,

> The evidence in this case is that the Defendant [Appellee] made periodic monthly payments that he thought were house payments, and that he ceased making payments when he thought he had satisfied the contract. (It was that cessation of payments that prompted the Plaintiff [Appellant] to file this action for possession on the theory that the payments were rent.)

After reviewing the record and the lower court's findings of fact, this Court does not discern that the lower court's findings are clearly erroneous. Nor does this Court find any abuse of discretion by the lower court in fashioning appropriate relief. Finding no reversible error, we accordingly affirm the lower court's decision in all respects.

Affirmed.