# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ruby Jean Rigney,**
**Defendant Below, Petitioner**

**FILED**

March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1514** (Cabell County 12-C-0732)

**Milton Housing Authority,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ruby Jean Rigney, by counsel Patrick C. Timony, appeals the Circuit Court of Cabell County's December 12, 2012, order granting a petition for wrongful occupation. Respondent Milton Housing Authority, by counsel Tyler B. Smith, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record on appeal, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner explains that for fifteen years, she resided in a rental apartment in Milton Manor. Milton Manor is a federal rental assistance apartment complex for the elderly or disabled that is operated by respondent. On October 12, 2012, respondent filed a "Petition for Summary Relief for Wrongful Occupation of Residential Rental Property" against petitioner in magistrate court. *See* W.Va. Code §§ 55-3A-1 to -3 (2008). The petition, which was on a standard form available in magistrate court, did not specify the grounds for eviction. Petitioner filed an answer denying that there existed any grounds for eviction and asserting that she was never given notice of a lease violation, along with ten days to cure the violation, as required by the terms of her lease.

Petitioner caused the case to be removed to circuit court. A hearing was held in circuit court on November 19, 2012.[1] Respondent's counsel asserted on the record that petitioner was in violation of the terms of her lease by allowing her adult son to live in the apartment with her. The case was continued so that the parties could attempt an out-of-court resolution.

---

[1]The transcript of the November 19, 2012, hearing was not included in the appendix record. In order to properly evaluate the case on appeal, and pursuant to our authority in Rule 6(b) of the Rules of Appellate Procedure, this Court obtained the transcript of the November 19 hearing and made it part of the record on appeal.

1

When no settlement was reached, the parties returned to circuit court for a hearing on December 12, 2012. A few minutes before this hearing began, respondent filed an amended complaint setting forth the same basis for eviction that was discussed at the November hearing—i.e., that petitioner's son lived in the apartment in violation of the lease. At the conclusion of the December 12 hearing, the circuit court granted the petition for wrongful occupation and ordered petitioner to vacate the apartment on or before December 31, 2012. Petitioner was up-to-date with her rent payments, and the circuit court did not award any costs or damages. On December 31, 2012, this Court refused petitioner's motion for stay of the circuit court's order.

Petitioner appeals the circuit court's order to this Court. We apply the following standard of review to appeals of eviction orders:

> "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). In syllabus point two of *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997), this Court explained as follows:
>
>> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Francis v. Bryson*, 217 W.Va. 432, 434, 618 S.E.2d 441, 443 (2005).

Petitioner argues that the circuit court erroneously granted the wrongful occupation complaint without allowing her the opportunity to answer the amended complaint or perform discovery on the allegations in the amended complaint. We find petitioner's arguments to be unavailing. Although respondent filed an amended complaint, it was not done with leave of court. The circuit court was ruling upon the original petition that had been pending since October 12, 2012, not the amended complaint. Finally, the amended complaint contained the same information that was communicated to petitioner and her lawyer at the prior hearing.

Petitioner also argues that it was error to deny her a jury trial and summarily rule against her. She asserts that she wanted to present evidence that respondent's agent had granted permission for her son to reside in the apartment. We note that West Virginia Code §§ 55-3A-1 to -3 set forth a summary process for a landlord to regain possession of wrongfully occupied residential rental property. The law provides for notice to the tenant and the right to a hearing. After the hearing, "if the court finds that the tenant is in wrongful occupation of the rental property, the court shall make and enter an order granting immediate possession of the property to the landlord." W.Va. Code § 55-3A-3(e). It is undisputed that petitioner's son was residing in her apartment. Indeed, petitioner acknowledged this in a sworn financial affidavit she filed

below. The lease is part of the record on appeal, and it restricts who may reside in the complex.[2] At neither of the circuit court hearings did petitioner present testimonial or other evidence about the alleged permission her son had received.

Petitioner also argues that respondent violated the lease by failing to provide her with notice of the violation and ten days to cure. We conclude that even if this was true, the problem was rectified. At the latest, petitioner was given notice of her violation during the November 19, 2012, hearing. More than ten days passed before the circuit court ruled that she was wrongfully occupying the premises. Despite the continuance and the opportunity to resolve the matter out-of-court, petitioner did not cure the violation.

Finally, petitioner asserts that the circuit court mistakenly believed that the case was an appeal from magistrate court, rather than a pending case removed from magistrate court. This argument is contradicted by the record on appeal. At the November 19, 2012, hearing, the circuit court expressly acknowledged that the case had been removed.

On the evidence in the record, we find no error in the circuit court's order granting the wrongful occupation petition. Accordingly, the circuit court's order is affirmed.

Affirmed.

**ISSUED:** March 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Margaret L. Workman

---

[2]We surmise that the restrictions on who may reside in the apartment complex are related to the fact that Milton Manor is a federal rental assistance project for the elderly or disabled.