# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## January 2016 Term

No. 15-0519

**FILED**

**March 3, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JUDITH D. WARD,**
**Plaintiff Below, Petitioner**

**V.**

**SUSAN K. WARD,**
**Defendant Below, Respondent**

Appeal from the Circuit Court of Hampshire County
Honorable Andrew N. Frye, Judge
Civil Action No. 14-C-126

**AFFIRMED, IN PART; REVERSED, IN PART; AND REMANDED**

Submitted: February 23, 2016
Filed: March 3, 2016

Christopher P. Stroech
J. Daniel Kirkland
Arnold & Bailey, PLLC
Charles Town, West Virginia
Attorneys for the Petitioner

Susan K. Ward
Mount Airy, Maryland
Respondent, *Pro Se*

JUSTICE DAVIS delivered the Opinion of the Court.

# SYLLABUS BY THE COURT

1.      "Under Code, 37-6-19, an action of ejectment or unlawful detainer may be maintained to recover real estate, by reason of the breach of any covenant or condition of the lease under which the same is held, including a covenant to pay rent, without any previous demand being made for the payment of such rent on the leased premises or elsewhere, or any demand for possession of such premises."  Syllabus point 1, *Kincaid v. Patterson*, 129 W. Va. 234, 39 S.E.2d 920 (1946).

2.      "To entitle an evicted claimant of land to compensation for permanent improvements put upon the land by him while he was in possession, it must appear either that he was a *bona fide* purchaser and holder at the time he made the improvements, or that the improvements were made by him under such circumstances that it would be a fraud upon his rights to permit the owner to take them without compensation."  Syllabus point 1, *Hall v. Hall*, 30 W. Va. 779, 5 S.E. 260 (1888).

3.      "Such evicted claimant, who is not a *bona fide* purchaser, can not recover compensation for his improvements, unless he shows that the owner has been guilty of fraud or gross laches in not notifying such claimant to desist, when he knew that the

i

improvements were being made by the claimant under a mistaken belief that his title was good." Syllabus point 2, *Hall v. Hall*, 30 W. Va. 779, 5 S.E. 260 (1888).

4. "An improver of land owned by another, who through a reasonable mistake of fact and in good faith erects a building entirely upon the land of the owner, with reasonable belief that such land was owned by the improver, is entitled to recover the value of the improvements from the landowner and to a lien upon such property which may be sold to enforce the payment of such lien, or, in the alternative, to purchase the land so improved upon payment to the landowner of the value of the land less the improvements and such landowner, even though free from any inequitable conduct in connection with the construction of the building upon his land, who, however, retains but refuses to pay for the improvements, must, within a reasonable time, either pay the improver the amount by which the value of his land has been improved or convey such land to the improver upon the payment by the improver to the landowner of the value of the land without the improvements." Syllabus, *Somerville v. Jacobs*, 153 W. Va. 613, 170 S.E.2d 805 (1969).

5. "'When the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development.' Syl. pt. 2, *South Side Lumber Co. v.*

*Stone Construction Co.*, 151 W. Va. 439, 152 S.E.2d 721 (1967)." Syllabus point 3,

*Heydinger v. Adkins*, 178 W. Va. 463, 360 S.E.2d 240 (1987).

**Davis, Justice:**

The petitioner herein and plaintiff below, Judith D. Ward ("Judith Ward"), appeals from an order entered January 29, 2015, by the Circuit Court of Hampshire County. By that order, the circuit court granted relief to Judith Ward upon her action for unlawful detainer against the respondent herein and defendant below, Susan K. Ward ("Susan Ward"). In granting such relief, the circuit court further ordered Judith Ward to pay Susan Ward $50,000 for the cost of the log cabin home that Susan Ward is required to vacate, and conditioned Judith's recovery of the subject real property upon her payment of this amount. On appeal to this Court, Judith Ward contends that the circuit court erred by finding that she would be unjustly enriched if she did not reimburse Susan Ward for the cost of the subject log cabin. Upon a review of the parties' arguments, the record designated for appellate consideration, and the pertinent authorities, we conclude that the circuit court did not err in granting Judith Ward relief for unlawful detainer while also requiring her to reimburse Susan Ward for the cost of the log home that has been constructed as an improvement upon Judith Ward's property with her knowledge and consent. Therefore, we affirm the circuit court's ruling granting relief for unlawful detainer. However, the pleadings suggest that Susan Ward has incurred costs greater than $50,000 in the erection and maintenance of the subject log cabin home. Accordingly, we reverse that portion of the circuit court's order valuing the log home at $50,000 and remand the case for further proceedings to determine the additional

1

amount, above the $50,000 initial cost of the log home kit, by which Judith Ward's property has been improved and to which Susan Ward is entitled to recover from Judith Ward.

# I.

## FACTUAL AND PROCEDURAL HISTORY

The facts giving rise to the instant proceeding are largely undisputed by the parties. In 1999, Judith Ward, who is the owner of record of Tract Number 24 Green Meadows Estates in Capon Bridge, West Virginia, ostensibly allowed her son, Gary Ward, and his wife, Susan Ward, to construct a log cabin home on a portion of her property. The parcel was not subdivided, and it does not appear that the parties entered any written agreement memorializing their arrangement. Gary and Susan Ward paid $50,000 for the subject log cabin home kit, and Judith Ward claims that she financed the site preparation and construction. Susan Ward asserts further that she and Gary Ward incurred additional expenses related to the building and maintenance of the log home.

Despite the property remaining as an undivided parcel, because it contained two distinct dwellings, two separate county property tax tickets were issued for Judith Ward's lot.[1] Susan Ward represents that she and Gary Ward gave Judith Ward money to pay for the

---

[1]One tax ticket was issued for Judith Ward's primary residence and 5.61 acres of the lot, and a second tax ticket was issued for the log cabin home and remaining 1 acre of
(continued...)

2

property taxes and further claims that, for a period of eighteen months,[2] they gave Judith Ward $500 per month to pay for the property taxes. Judith Ward acquiesced to Susan Ward, Gary Ward, and their children living in the log cabin home on her property, and this living arrangement continued in this fashion until April 2014.

On February 28, 2014, Gary Ward, Judith Ward's son and Susan Ward's husband, died. Thereafter, on April 28, 2014, Judith Ward served a Notice to Quit upon Susan Ward and her two children[3] demanding they vacate the log cabin home situated upon Judith Ward's lot. Susan Ward refused to move, claiming an entitlement to the log home arising from her purchase thereof. On October 6, 2014, Judith Ward, through counsel, filed a complaint against Susan Ward asserting a cause of action for unlawful detainer pursuant to W. Va. Code § 37-6-19 (1923) (Repl. Vol. 2011). Judith Ward attached to her complaint a copy of the deed demonstrating that she is the owner of record of the subject real property; a copy of the two tax tickets issued in her name for her lot for the then-current tax year; and a copy of the April 28, 2014, Notice to Quit. Susan Ward filed her answer *pro se* on October 24, 2014. Judith Ward then moved for judgment on the pleadings.

---

[1](...continued)
Judith Ward's lot.

[2]This eighteen-month period coincided with Judith Ward's alleged incarceration for tax fraud.

[3]Gary Ward is the father of these children.

By order entered January 29, 2015, the circuit court granted Judith Ward's motion for judgment on the pleadings. The court concluded that, pursuant to W. Va. Code § 37-6-19, as the property owner of record, Judith Ward is entitled to recover her property from Susan Ward, who has no ownership interest in the parcel. Nevertheless, the circuit court further determined that Judith Ward would be unjustly enriched by the addition of the log cabin home to her property and, thus, required her to pay Susan Ward $50,000, *i.e.*, the cost of the log cabin home kit, for these improvements. Finally, the circuit court conditioned Judith Ward's recovery of the subject property upon her payment of this sum to Susan Ward, and ruled that Susan Ward is not required to vacate the premises until ten days after her receipt of these funds. From this adverse ruling, Judith Ward appeals to this Court.

## II.

## STANDARD OF REVIEW

The instant proceeding comes to this Court from the circuit court's order granting Judith Ward's motion for judgment on the pleadings. Pursuant to Rule 12(c) of the West Virginia Rules of Civil Procedure,

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

4

From the record in the case *sub judice*, it is apparent that the circuit court considered only the pleadings and did not venture outside the confines of those documents in rendering its ruling.[4]

We previously have held that "[a] motion for judgment on the pleadings presents a challenge to the legal effect of given facts rather than on proof of the facts themselves." Syl. pt. 2, in part, *Copley v. Mingo Cnty. Bd. of Educ.*, 195 W. Va. 480, 466 S.E.2d 139 (1995). In ruling upon such a motion, "[a] circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant a motion for judgment on the pleadings only if it appears beyond doubt that the nonmoving party can prove no set of facts in support of his or her claim or defense." Syl. pt. 3, *Copley,* 195 W. Va. 480, 466 S.E.2d 139. *Accord Brown v. Fluharty*, 231 W. Va. 613, 615, 748 S.E.2d 809, 811 (2013) (per curiam) ("Inasmuch as this case was decided on a motion for judgment on the pleadings, . . . we construe the complaint in a light most favorable to the plaintiffs, petitioners herein, and take the factual allegations contained in the complaint as true." (citations omitted)). Finally,

---

[4]Although Judith Ward attached certain documents to her complaint in support thereof, such information is also set forth in the complaint, itself. Thus, in rendering its ruling, it is apparent that the circuit court did not consider any information extraneous to the pleadings. *Cf. Gunn v. Hope Gas, Inc.*, 184 W. Va. 600, 402 S.E.2d 505 (1991) (per curiam) (finding that consideration of documents attached to pleadings converts motion for judgment on the pleadings into one for summary judgment).

5

"[a]ppellate review of a circuit court's order granting a motion for judgment on the pleadings is de novo." Syl. pt. 1, *Copley,* 195 W. Va. 480, 466 S.E.2d 139.

Mindful of this standard, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

On appeal to this Court, Judith Ward assigns as error the circuit court's rulings that (1) she is required to pay Susan Ward $50,000 to compensate her for the value of the improvements that Susan, and her late husband Gary Ward, made to Judith's property to avoid unjust enrichment and (2) her recovery of her property is contingent upon her payment of this amount.

In support of her argument, Judith Ward contends that Susan Ward is not entitled to compensation for the log home because there was no reasonable mistake of fact and Susan did not have a reasonable belief that she owned the subject property when she built the log cabin on it. Because Susan knew that she did not own the property, Judith asserts that she is not required to compensate her for the value of such improvements insofar as this State's case law requiring such compensation for unjust enrichment is limited to cases wherein the tenant made improvements under the mistaken belief that he/she owned the

6

property that he/she had improved. *Citing Little v. Little*, 184 W. Va. 360, 400 S.E.2d 604 (1990) (per curiam) (refusing to award damages for value of improvements made by life tenant when tenant knew she did not own the subject property but believed that it would be conveyed to her in the future).

Moreover, Judith Ward contends that Susan Ward has not established that she is entitled to compensation in the amount of $50,000 because this amount is based upon "mere speculation or conjecture." *Quoting Little*, 184 W. Va. at 363, 400 S.E.2d at 607 (citations omitted). In this regard, Judith contends that Susan, in her *pro se* answer to Judith's complaint, has not proven the amount of compensation to which she is entitled with certainty. Moreover, Judith argues that Susan lived on the subject property rent free for fifteen years and that she, Judith, was solely responsible for the taxes on such property as well as the construction and maintenance of the log home.

Finally, Judith Ward contends that the circuit court erred by allowing Susan Ward, who has no claim or title to the subject property, to retain possession of the log home until Judith pays her the $50,000 compensation therefor required by the circuit court's order. Given the circuit court's finding that Judith is the sole owner of the property, it was erroneous to require her to pay compensation to Susan for the log home constructed on her property before she could regain possession of her entire parcel. Unlike this Court's prior

7

decision in *Francis v. Bryson*, 217 W. Va. 432, 618 S.E.2d 441 (2005) (per curiam), Judith argues that there was no underlying disagreement between the parties regarding the ownership of the property, nor did the tenant tender payments to the property owner believing them to be installment payments for its purchase. Finally, Judith claims that the circuit court's decision is inequitable insofar as it did not impose a corresponding duty upon Susan to pay rent, taxes, or maintenance costs for the log cabin pending her receipt of the $50,000 compensation from Judith.

In response, Susan Ward, *pro se*, contends that she has a right to the continued occupation of the log cabin home insofar as Judith Ward knew of and approved the home's construction and allowed Susan and her family to live on her property rent free for fifteen years. Susan also indicates that she believed the subject property had been given to her and her late husband, but that the property was not subdivided because the log cabin did not comply with the West Virginia building code. In this regard, Susan further states that Judith had had the property surveyed so that it could be subdivided once such building requirements were satisfied. Moreover, Susan contends that, in addition to the initial cost of the log home kit, she and her late husband paid Judith monies for the property's taxes, incurred maintenance costs on the home, and, for a period of eighteen months,[5] made additional $500

---

[5]This period of time is commensurate with Judith Ward's alleged incarceration. *See supra* note 2.

8

monthly payments towards satisfaction of the property's taxes. Susan avers further that Judith requested Susan and her late husband to give her all of their receipts related to the log home before Susan's husband died; that she and her late husband complied with this request; and that Judith continues to have such receipts and refuses to return them to Susan. Finally, Susan Ward represents that while she and her late husband did not pay rent to Judith Ward, they performed numerous services to maintain the entirety of Judith's property, including mowing the grass and performing repairs on Judith's residence.[6]

It is undisputed that the record evidence demonstrates that Judith Ward is the sole, fee simple owner of the subject parcel upon which Susan Ward and her late husband built their log cabin home, and that, despite any representations or understandings between the parties, the lot has not been subdivided to transfer an ownership interest in the property to Susan Ward. Nevertheless, it also is clear that Judith Ward permitted, and even encouraged, her late son and his wife Susan to build their log cabin home upon a portion of her property and that she consented to and acquiesced in this arrangement for nearly fifteen years until her son's death in February 2014. It also is undisputed that Susan Ward, and her late husband, expended their own funds to purchase the log home kit and expended

---

[6]We interpret Susan Ward's *pro se* arguments detailing the various expenses she and her late husband incurred with respect to the log cabin home as a cross-appeal assigning error to the circuit court's $50,000 valuation of the subject improvements to Judith Ward's property.

9

additional monies to maintain the home as well as to provide for the payment of taxes on the

entirety of the parcel while they lived in the log home on Judith's property.  Additionally, it

appears that Judith's son and his family also maintained the property upon which the log

home was built and performed other household services for Judith in lieu of actual rental

payments.

It goes without saying that, as the fee simple owner of record, Judith Ward has

the right to possess and occupy her property, and to eject persons therefrom if she no longer

consents to their occupancy.  Pursuant to the unlawful detainer statute,

> [a]ny person who shall have the right of re-entry into the lands by reason of any rent issuing thereout being in arrear, or by reason of the breach of any covenant or condition, may serve a declaration in ejectment on the tenant in possession, where there shall be such tenant, or, if the possession be vacant, by affixing the declaration upon the chief door of any messuage, or at any other conspicuous place on the premises, which service shall be in lieu of a demand and re-entry; or may commence an action of unlawful detainer, and obtain service either in person or by publication, as in other such actions, which service shall be in lieu of a demand and re-entry; and upon proof to the court, by affidavit in case of judgment by default, or upon proof on the trial that the rent claimed was due, and there was not sufficient property subject to distress upon the premises to satisfy the claim for rent due, or that the covenant or condition was broken before the service of the declaration in ejectment, or the commencement of the action of unlawful detainer, and that the plaintiff had power thereupon to re-enter, he shall recover judgment, and have execution for such lands.  In case the time for re-entering be specified in the instrument creating the rent, covenant or condition, the proceedings in ejectment or unlawful detainer shall not be begun until such time shall have elapsed.

10

W. Va. Code § 37-6-19 (1923) (Repl. Vol. 2011).

We previously have interpreted this statute as permitting the ejectment of a tenant for no reason whatsoever, or for failure to pay rent even if the landowner has not previously requested the tenant to pay rent.

> Under Code, 37-6-19, an action of ejectment or unlawful detainer may be maintained to recover real estate, by reason of the breach of any covenant or condition of the lease under which the same is held, including a covenant to pay rent, without any previous demand being made for the payment of such rent on the leased premises or elsewhere, or any demand for possession of such premises.

Syl. pt. 1, *Kincaid v. Patterson*, 129 W. Va. 234, 39 S.E.2d 920 (1946). Thus, it is apparent that W. Va. Code § 37-6-19 authorized Judith Ward to eject Susan Ward because Susan does not have an ownership interest in the property in question and Judith no longer consents to Susan's occupancy thereof.

However, it also is apparent that the construction of a log cabin home upon Judith Ward's property is a significant and valuable improvement thereto for which Judith has not paid. When an ejected tenant has made improvements to the owner's property, we have held that the owner is required to compensate the tenant for the value of such improvements to avoid the owner's unjust enrichment.

> To entitle an evicted claimant of land to compensation for permanent improvements put upon the land by him while he was

11

in possession, it must appear either that he was a *bona fide* purchaser and holder at the time he made the improvements, or that the improvements were made by him under such circumstances that it would be a fraud upon his rights to permit the owner to take them without compensation.

Syl. pt. 1, *Hall v. Hall*, 30 W. Va. 779, 5 S.E. 260 (1888).

Moreover, where, as here, the tenant is not a purchaser of the property but nevertheless believes that he/she had an ownership interest therein when he/she made the subject improvements, we have held that the owner must compensate the tenant for the value of such improvements if the owner was aware of the improvements and did not tell the tenant not to make them.

Such evicted claimant, who is not a *bona fide* purchaser, can not recover compensation for his improvements, unless he shows that the owner has been guilty of fraud or gross laches in not notifying such claimant to desist, when he knew that the improvements were being made by the claimant under a mistaken belief that his title was good.

Syl. pt. 2, *Hall*, 30 W. Va. 779, 5 S.E. 260.

Finally, an ejected tenant who is entitled to recoup the value of the improvements he/she made upon property under a mistaken belief of ownership has a lien upon such property until the owner compensates the tenant for the value of such improvements.

An improver of land owned by another, who through a reasonable mistake of fact and in good faith erects a building entirely upon the land of the owner, with reasonable belief that such land was owned by the improver, is entitled to recover the value of the improvements from the landowner and to a lien upon such property which may be sold to enforce the payment of such lien, or, in the alternative, to purchase the land so improved upon payment to the landowner of the value of the land less the improvements and such landowner, even though free from any inequitable conduct in connection with the construction of the building upon his land, who, however, retains but refuses to pay for the improvements, must, within a reasonable time, either pay the improver the amount by which the value of his land has been improved or convey such land to the improver upon the payment by the improver to the landowner of the value of the land without the improvements.

Syl., *Somerville v. Jacobs*, 153 W. Va. 613, 170 S.E.2d 805 (1969).[7]  *Accord* Syl. pt. 1,

*Heartwood Forestland Fund IV, LP v. Hoosier*, ___ W. Va. ___, 781 S.E.2d 391 (2015).


In the case *sub judice*, it is apparent that Susan Ward had a mistaken belief that

the property upon which she and her late husband built their log cabin home had been given

to them by Judith Ward.  During her argument to the Court, Susan explained that Judith had

offered them the back portion of her property as a site upon which to build their log home

and had ostensibly indicated that Susan and her late husband would eventually inherit the

_____

[7]It should be noted that this Court has modified the holding of *Somerville v. Jacobs*, 153 W. Va. 613, 170 S.E.2d 805 (1969).  *See* Syl. pt. 2, *Realmark Devs., Inc. v. Ranson*, 214 W. Va. 161, 588 S.E.2d 150 (2003) ("The measure of damages in an unjust enrichment claim is the greater of the enhanced market value of the property or the cost of the improvements to the property.  To the extent that the Syllabus of *Somerville v. Jacobs,* 153 W. Va. 613, 170 S.E.2d 805 (1969), differs from this holding, it is hereby modified.").

entire parcel and that she, Judith, was giving them that portion of the property early. Moreover, from 1999 until early 2014, Judith Ward consented to the location of the log cabin home on her property, helped finance certain of its construction costs, and agreed to let her late son; his wife, Susan; and their children live there. Thus, not only did Judith Ward know of the subject improvements, she expressly acquiesced thereto and approved thereof as evidenced by (1) her claims that she financed the construction costs of the log home; (2) her payment of the property taxes levied on the log cabin home in her name; and (3) her acquiescence to this living arrangement for some *fifteen* years, *i.e.*, from 1999 when the log home was built until her son's death in 2014. Accordingly, the circuit court correctly determined that, while Judith Ward is entitled to eject Susan Ward and her grandchildren from the log cabin home they built on her property, she must compensate Susan for the value of this improvement that will remain on her property, and we affirm the circuit court's ruling in this regard.

Although the circuit court assigned a $50,000 valuation to the log cabin home built by Susan Ward and her late husband upon Judith Ward's property, we are not certain that this is a correct determination of the value of the subject improvement. Insofar as the instant proceeding is before the Court from a judgment on the pleadings, no record has been made as to the current value of the improvement to Judith Ward's property, *i.e.*, the log cabin home; how much Susan Ward, and her late husband, have expended in building and

14

maintaining the same through ordinary household repairs and upkeep; the amount of property taxes Susan and her family have paid for this portion of Judith's lot; the costs that Susan and her late husband have incurred in caring for the property upon which the log home is situate; or any other factors that are indicative of the log cabin's valuation. When, such as here, a record does not provide sufficient detail to permit this Court to make a determination of the proper measure of damages, we have remanded the case for further factual development:

> "When the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development." Syl. pt. 2, *South Side Lumber Co. v. Stone Construction Co.*, 151 W. Va. 439, 152 S.E.2d 721 (1967).

Syl. pt. 3, *Heydinger v. Adkins*, 178 W. Va. 463, 360 S.E.2d 240 (1987). Accordingly, we reverse the circuit court's $50,000 damages award and remand this case for further factual development to determine the value of the subject improvement and a corresponding award of such damages to Susan Ward. Finally, given that Susan Ward is entitled to assert a lien against Judith Ward's property for the value of the improvements that she is required to abandon, we do not find that the circuit court erred by requiring Judith to pay Susan the value of such improvements as a condition precedent to the restoration of Judith's property. *See* Syl., *Somerville v. Jacobs*, 153 W. Va. 613, 170 S.E.2d 805. Therefore, the portion of the circuit court's order imposing such a requirement is affirmed.

15

**IV.**

**CONCLUSION**

For the foregoing reasons, the January 29, 2015, order of the Circuit Court of Hampshire County is hereby affirmed, in part, and reversed, in part, and this case is remanded for further proceedings consistent with this opinion.

Affirmed, in part; Reversed, in part; and Remanded.